Priority
Send
Enter
Closed
~~JS-5/JS-6~~
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRP, RULE 77 (d).

ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 11 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

AUG - 8 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRON TOMLINSON, BENJAMIN NABLE, MICHAEL LUCAS, MARK LAGERGREN, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> INDYMAC BANK, F.S.B.; INDYMAC RESOURCES, INC. and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. SACV 04-00294-JVS (ANx) <br><br> Honorable James V. Selna Courtroom <br><br> [~~PROPOSED~~] ORDER APPROVING CLASS ACTION SETTLEMENT AND PAYMENT OF REASONABLE ATTORNEYS' FEES AND COSTS AND DISMISSAL WITH PREJUDICE <br><br> CLASS ACTION [FRCP 23] COLLECTIVE ACTION [29 U.S.C. § 216(b)] <br><br> DATE: August 8, 2005 TIME: 1:30 p.m. COURTROOM: 10C |

This action is pending before this Court as a class/collection action (the "Action"). Plaintiffs and Defendants reached a settlement of the Action which settlement was preliminarily approved by this Court by the Court's Order of May 2, 2005 conditionally certifying a Settlement Class; preliminarily approving class action and collective action settlements; directing distribution of class notice;

1  preliminarily approving reimbursement for attorneys' fees and costs; and setting a

2  hearing for August 8, 2005 for final approval of the settlement.

3      The Court has received and considered the Motion for Final Approval of the

4  Class Action Settlement, together with the exhibits attached thereto and has also

5  heard from the parties' representatives and made available a hearing date regarding

6  final approval which was held August 8, 2005 pursuant to the Notice provisions

7  contained in the Joint Stipulation of Settlement and Release between Plaintiffs and

8  Defendants (the "Settlement") attached as Exhibit 1 and now hereby orders as

9  follows:

10      1.    This Order incorporates by reference the definitions in the Settlement

11  and all terms defined therein shall have the same meaning in this Order as set forth

12  in the Settlement.  Additionally, this Order incorporates by reference the Court's

13  previous Order of May 2, 2005 conditionally certifying a Settlement Class,

14  preliminarily approving class action and collective action settlements, directing

15  distribution of class notice, approving reimbursement of attorneys' fees and costs,

16  all as specifically set forth in the May 2, 2005 Order.

17      2.    For the reasons set forth in the Court's May 2, 2005 Order, and the

18  supporting evidence and authorities presented therewith, as well as the reasons set

19  forth in the Motion for Final Approval of the Settlement and the authorities and

20  supporting evidence submitted therewith, the Court finds that the proposed

21  Settlement Class meets all the legal requirements for class certification, and it is

22  hereby ordered that the Settlement Class is finally approved and certified as a class

23  for purposes of the Settlement of this Action.

24      3.    The Court finds that the Notice of the Pendency of Class Action, Non-

25  Opt In Plaintiff Class Settlement, and opportunity to object or be excluded from

26  Settlement were properly provided to the Settlement Class in conformance with the

27  terms and conditions of the Settlement and that the Notice of the Fairness Hearing,

28  as well as an opportunity to "opt out" of the Settlement and an opportunity to

1    designate any disputes with regard to the terms and conditions of the allocation of
2    Settlement proceeds were properly provided to the Settlement Class and that the
3    Notice, given by first-class mail, was the best practicable notice under the
4    circumstances and satisfied the requirements of due process under Fed.R.Civ.P. 23
5    and 29 U.S.C. § 216(b).

6        4.    The Court finds that the terms of the Settlement are fair, reasonable
7    and adequate to the Settlement Class and to each member and that the class
8    members who have not opted out shall be bound by the Settlement, and that the
9    Settlement is hereby ordered finally approved, and that all terms and provisions of
10   the Settlement Agreement should be and hereby are ordered to be consummated.

11       5.    The Court notes that there are no timely filed objections to the
12   Settlement.

13       6.    The Court has received the Claims Administrator's report as set forth
14   in the Declaration of David C. Holland of Rust Consulting and approves this report
15   as evidence of appropriate Notice to the Settlement Class and as evidence of the
16   Settlement Class participation.

17       7.    The Court approves payment to Rust Consulting as claims
18   administrator in the amount of $30,000.00 which the Court deems reasonable and in
19   conformance with the Settlement Agreement.

20       8.    The Court hereby finds and determines that $1,375,000.00 is the
21   amount of aggregate attorneys' fees and costs which should be paid as reasonable
22   reimbursement for all attorneys' fees and costs and expenses to Class Counsel,
23   Mower, Carreon & Desai, LLP as fees and costs for all work done and to be done
24   until the completion of this matter, and orders that payment of this amount be made
25   to Class Counsel by Defendants in accordance with the terms of the Settlement
26   Agreement.

27   ///

28   ///

9.     The Court hereby gives final approval to aggregate payments in the amount of $54,000.00 for class participation enhancements as set forth in the Settlement Agreement (Exhibit G) previously filed with the Court and orders that payment of those amounts be made in accordance with the terms of the Settlement Agreement.

10.    The Court has determined that the payments to be made to members of the Settlement Class as provided for in the Settlement Agreement are fair and reasonable and orders that those payments be made to members of the Settlement Class by Defendant IndyMac in accordance with the terms of the Settlement Agreement.

11.    The court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement Agreement.

12.    The Court finds that there is no reason to delay the enforcement of this Settlement Order.

13.    The Court orders that in accordance with the terms of the Settlement Agreement, this action is hereby dismissed as to the merits and with prejudice. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, all members of the Settlement Class are permanently barred from prosecuting against Defendant IndyMac, or its present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors, representatives, successors or assigns, any individual or class claims which were or could have been asserted in the present action, including without limitation, any claims arising out of the acts, transactions, occurrences, representations, or omissions set forth in the Complaint in this Action through the date of final approval of the Settlement Agreement.

14.    The Court finds, in accordance with the terms and conditions of the Settlement Agreement, that the Settlement is not a concession or admission on the part of Defendant and shall not be used against Defendant IndyMac or any of the released parties as an assertion, admission or indication with respect to any claim or any of the released parties, of any fault or admission by IndyMac or any defendant.

Dated: _____ 8. 8 ___, 2005

Honorable James V. Selna
United States District Court Judge



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRON TOMLINSON, BENJAMIN NABLE, MICHAEL LUCAS, MARK LAGERGREN, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>INDYMAC BANK, F.S.B.; INDYMAC RESOURCES, INC. and DOES 1 through 10, inclusive,<br><br>      Defendants. | USDC Case No.: SACV 04-294-JVS(ANx)<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANTS** |
| BENJAMIN NABLE, MICHAEL LUCAS, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>      Plaintiffs,<br><br> v.<br><br>INDYMAC BANK, F.S.B.; INDYMAC RESOURCES, INC. and DOES 1 through 100, inclusive,<br><br>      Defendants. | OCSC Case No.: 04 CC 00692 |

///

Exhibit __1__ P __8__

1    This Joint Stipulation of Settlement and Release (hereinafter, "Stipulation of

2 Settlement") is made and entered into by and between Plaintiffs ANTRON

3 TOMLINSON, BENJAMIN NABLE, MICHAEL LUCAS and MARK

4 LAGERGREN, individually and on behalf of the class members they purport to

5 represent ("Plaintiffs"), and Defendants INDYMAC BANK, F.S.B., and INDYMAC

6 RESOURCES, INC. ("Defendants") and, subject to the terms and conditions hereof

7 and the approval of the United States District Court for the Central District of

8 California, is intended to settle and finally resolve any and all claims asserted in the

9 cases entitled *Antron Tomlinson et al. v. IndyMac Bank, F.S.B. et al.*, United States

10 District Court Case No. SACV 04-00294-JVS (ANx) (hereinafter referred to as

11 *"Tomlinson"*), and *Benjamin Nable et al. v. IndyMac Bank, F.S.B. et al.*, Orange

12 County Superior Court Case No. 04-CC-00692 (hereinafter referred to as *"Nable"*).

13    1.    The Plaintiffs and Defendants herein are collectively referred to as "the

14 Parties."

15    2.    On March 11, 2004, Plaintiffs Antron Tomlinson and John Doyle filed

16 the complaint in *Tomlinson* as a proposed collective and representative class action

17 asserting claims for (1) failure to pay overtime compensation pursuant to the FLSA,

18 29 U.S.C. §§ 207, 211(c), and 216(b); (2) failure to provide meal and rest periods

19 pursuant to Cal. Labor Code §§ 226.7 and 512; (3) failure to pay compensation due at

20 the termination of employment pursuant to Cal. Labor Code §§ 201-203; and (4)

21 restitution and injunctive relief pursuant to the Unfair Competition Law, Cal. Bus. &

22 Prof. Code §§ 17200-17208 (the "UCL"), premised on Defendants' foregoing alleged

23 failure to pay overtime required by the FLSA, failure to provide meal and rest

24 periods, and failure to timely pay wages at the termination of employment.[1]

25

26 [1]    With the Court's approval, Plaintiffs later substituted Benjamin Nable for John Doyle as a Class Representative and dismissed Doyle from the *Tomlinson* action. On April 6,
27 2005, the parties stipulated to filing of the Second Amended Complaint which is the operative pleading in this case. The Second Amended Complaint is attached as Exhibit
28 "A."

Exhibit __1__ p __9__

3.      Plaintiffs brought the *Tomlinson* action as a collective action under 29 U.S.C. § 216(b), as a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and as a representative action under the UCL (Cal. Bus. & Prof. Code §§ 17200-17208), on behalf of themselves and a putative class including all current and former employees of Defendants who were employed as Loan Consultants or Direct Lending Consultants (collectively referred to herein as "Loan Consultants"), at Defendants' facilities located in Irvine, California, and Kansas City, Missouri.

4.      Plaintiffs maintained in the *Tomlinson* case that Defendants had a policy and practice of requiring employees in the Loan Consultant position to work in excess of forty (40) hours per week without paying them overtime compensation as required by the FLSA; that Defendants did not pay overtime compensation to Plaintiffs and other Loan Consultants because they were improperly classified by Defendants as "exempt" employees under the FLSA; that Defendants had a policy and practice of not providing Loan Consultants meal and rest break periods as required under state law; and that Defendants had a policy and practice of failing to timely pay all wages due at the termination of employment. Plaintiffs sought to recover in the *Tomlinson* case unpaid wages and overtime compensation, liquidated damages or, in the alternative, pre-judgment interest, statutory penalties, reasonable attorneys' fees, and litigation costs pursuant to the FLSA, 29 U.S.C. §§ 207, 211(c), 216(b), and Cal. Labor Code §§ 201-203, 226.7, and 512. Plaintiffs also sought restitution and injunctive relief pursuant to Cal. Bus. & Prof. Code §§ 17200-17208.

5.      By order dated June 21, 2004, the Court in *Tomlinson* conditionally certified the case as a collective action under 29 U.S.C. § 216(b). Out of approximately 650 total putative class members, 175 current and former Loan Consultants have timely opted-in to the case as party Plaintiffs.

6.      The following pertinent orders were subsequently entered in the *Tomlinson* case, either by way of law and motion or stipulation between the Parties:

Exhibit _1_ p_10_

(1) the California Supreme Court's decision in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182, 83 Cal. Rptr. 2d 548, 562 (Cal. 1999), and the opt-in requirements of 29 U.S.C. § 216(b) do not prohibit Plaintiffs from maintaining a UCL claim for restitution of unpaid overtime premised on FLSA violations on behalf of the non opt-in Loan Consultants; (2) Plaintiffs may not maintain a UCL claim for liquidated damages under the FLSA on behalf of the non opt-in Loan Consultants; (3) Plaintiffs may maintain a UCL claim for restitution of pay for missed meal periods premised on violations of Cal. Labor Code §§ 226.7 and 512; (4) Plaintiffs may not maintain a UCL claim for waiting time penalties premised on violations of Cal. Labor Code §§ 201-203; (5) Plaintiffs are limited to a maximum of one hour's pay per day for any day on which meal periods were not provided; (6) Plaintiffs' claims for rest break violations as to all Loan Consultants are dismissed; and (7) Plaintiffs' meal period and waiting time penalty claims on behalf of all Kansas City Loan Consultants are dismissed.

     7.    On October 29, 2004, Plaintiffs Benjamin Nable and Michael Lucas filed a state law complaint in *Nable* as a hybrid class and representative action asserting claims for (1) failure to pay overtime compensation pursuant to Cal. Labor Code §§ 510 and 1194, and I.W.C. Wage Order Nos. 4-2000 and 4-2001; (2) failure to provide meal and rest periods pursuant to Cal. Labor Code §§ 226.7 and 512, and Wage Order Nos. 4-2000 and 4-2001; (3) failure to pay compensation due at the termination of employment pursuant to Cal. Labor Code §§ 201-203; and (4) restitution and injunctive relief pursuant to the UCL, Cal. Bus. & Prof. Code §§ 17200-17208, premised on Defendants' foregoing alleged failure to pay overtime, failure to provide meal and rest periods, and failure to timely pay wages at the termination of employment as required by California law. On November 1, 2004, an Amended Complaint was filed with minor modifications which did not change the substantive relief sought. The Amended Complaint in the *Nable* action is attached as Exhibit "B."

Exhibit __1__ P __11__

8.      Plaintiffs brought the *Nable* case as a class action under § 382 of the California Code of Civil Procedure and as a representative action under the UCL, on behalf of themselves and a putative class of all California Loan Consultants for failure to pay California overtime while the Loan Consultants were paid under Defendants' "Introductory Compensation Plan," under which new Loan Consultants were paid for up to the first 90 days of their employment, unless the Loan Consultant opted out of the plan early.  Plaintiffs also brought the *Nable* case as a class action under § 382 of the California Code of Civil Procedure and as a representative action under the UCL, on behalf of themselves and putative sub-classes of all California Loan Consultants who did not "opt-in" to the federal *Tomlinson* case, for Defendants' alleged failure to provide meal and rest periods, and failure to timely pay all wages due at termination of employment as required by California law.

9.      Plaintiffs maintained in the *Nable* case that Defendants, during the "Introductory Compensation Plan" period, had a policy and practice of requiring employees in the Loan Consultant position to work in excess of eight (8) hours per day and forty (40) hours per week without paying them overtime compensation as required by California law; that Defendants did not pay overtime compensation to Plaintiffs and other Loan Consultants because they were improperly classified by Defendants as "exempt" employees under California law; that Defendants had a policy and practice of not providing Loan Consultants meal and rest break periods as required under California law; and that Defendants had a policy and practice of failing to timely pay all wages due at the termination of employment as required by California law.

10.     Plaintiffs sought to recover in the *Tomlinson* case unpaid wages and overtime compensation, including liquidated damages, unlawfully withheld wages, waiting time and other penalties, damages for meal and rest break violations, restitution and injunctive relief, as well as litigation costs and reasonable attorneys' fees on behalf of Plaintiffs and the Loan Consultant class members pursuant to 29

Exhibit  1  p. 12

1  U.S.C. § 216(b), Cal. Labor Code §§ 201-203, 226.7, 510, 512, 1194, and 2699,

2  Wage Order Nos. 4-2000 and 4-2001, and Cal. Bus. & Prof Code §§ 17200-17208.

3      11.    On Friday, March 25, 2005, the Parties participated in a day-long

4  mediation before Mark Rudy, Esq., a professional mediator, at the Los Angeles

5  offices of Defendants' counsel.  The mediation concluded with a "mediator's

6  proposal."  The "mediator's proposal" was for a total aggregate settlement of

7  $5,500,000 and for allocation of the net settlement amount after payment of fees,

8  costs and enhancements as follows:  75% paid to opt-in Plaintiffs on a non-

9  reversionary basis and 25% paid to Non Opt-in Plaintiffs on a claims-made basis.

10  The Parties reached agreement on a settlement of both the *Tomlinson* case and the

11  *Nable* case on March 28, 2005 by acceptance of the "mediator's proposal."

12      12.    There are two general Settlement Classes contemplated in this

13  Stipulation of Settlement, the "Opt-in Settlement Class" and the "Non Opt-in

14  Settlement Class."  The case will not be settled unless both Settlement Classes are

15  approved by the Court.  The Opt-in Settlement Class consists of the Class

16  Representatives in the *Tomlinson* case and the 171 other Loan Consultants who

17  timely opted-in to the *Tomlinson* case and were employed by Defendants between

18  March 11, 2000, and December 31, 2004, a list of whom is attached hereto as Exhibit

19  "C."  The Non-Opt-in Settlement Class consists of all other current or former Loan

20  Consultants employed by Defendants during the same time period who did not opt-in

21  to the Tomlinson case, a list of whom is attached hereto as Exhibit "D."  The Non

22  Opt-in Settlement Class members can also be further divided between California

23  members and Kansas City members.  Claims of California Non Opt-in class members

24  include claims for "Introductory Period" overtime, meal break violations and waiting

25  time penalties, all of which are claims under California law that would not be

26  recoverable by Kansas City employees.  Additionally, California Non Opt-in class

27  members have a more persuasive argument for restitutionary remedies under the

28  California Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208) than would

Exhibit  1  P/3

1  Kansas City employees since applying the benefits of the UCL to non-California
2  residents is problematical.  In recognition of this, the Settlement allocates a greater
3  percentage of the Non Opt-in settlement pool for California claimants.

4          13.    For purposes of settling the *Tomlinson* and *Nable* lawsuits only, the
5  Parties stipulate and agree that the requisites for establishing class certification under
6  Rule 23 with respect to the Settlement Classes as defined above have been and are
7  met.  More specifically, the Parties stipulate and agree that:

8          A.    The Settlement Classes are so numerous as to make it
9                impracticable to join all members of the Settlement Classes.
10          B.    The members of the Settlement Classes are ascertainable.
11          C.    There are questions of law and fact common to the members of
12                the Settlement Classes including, but not limited to, the following:
13                (1)    Whether or not the common job duties and pay provisions
14                       of members of the Settlement Classes renders them
15                       "exempt" employees under the FLSA and/or California
16                       law;
17                (2)    Whether or not Defendants paid overtime to members of
18                       the Settlement Classes in compliance with the FLSA and
19                       California law;
20                (3)    Whether or not members of the Settlement Classes are
21                       entitled to recover liquidated damages under the FLSA;
22                (4)    Whether or not members of the Settlement Classes are
23                       entitled to recover meal break damages under California
24                       law;
25                (5)    Whether or not members of the Settlement Classes are
26                       entitled to recover waiting time penalties under California
27                       law; and
28

Exhibit ___1___ p __14__

1       (6) Whether or not Defendants' business practices constituted a

2          violation of the UCL.

3      D. The claims of the representative Plaintiffs in the *Tomlinson* and

4        *Nable* cases are typical of the claims of the members of the

5        Settlement Classes;

6      E. The representative Plaintiffs and Class Counsel in the *Tomlinson*

7        and *Nable* cases will fairly and adequately protect the interests of

8        the members of the Settlement Classes;

9      F. The prosecution of separate actions by individual members of the

10       Settlement Classes would create the risk of inconsistent or varying

11       adjudications, which would establish incompatible standards of

12       conduct; and

13     G. The questions of law and fact common to the members of the

14       Settlement Classes predominate over any questions affecting only

15       individual members in the Settlement Classes, and a class action is

16       superior to other available methods for the fair and efficient

17       adjudication of the controversy.

18    14. Defendants deny any liability or wrongdoing of any kind associated with

19  the claims alleged in the *Tomlinson* and *Nable* lawsuits, and further reserve the right

20  to argue that, for any purpose other than settling these lawsuits, such claims are not

21  appropriate for class treatment or for treatment on a non-class representative basis.

22  Defendants contend, among other things, that they have complied at all times with

23  the requirements of the FLSA and the California Labor Code and that the Loan

24  Consultants were exempt from the overtime compensation requirements of the FLSA

25  and California law. By agreeing that class certification is appropriate with respect to

26  the Settlement Classes, Defendants are not agreeing that certification of any other

27  class is appropriate in the *Tomlinson* or *Nable* lawsuits, whether for liability or any

28  other purpose.

Exhibit __1__ p __15__

15.    Plaintiffs believe the *Tomlinson* and *Nable* lawsuits are meritorious actions and appropriate for class certification. With regard to the FLSA claims asserted in *Tomlinson*, Plaintiffs contend that Defendants violated the FLSA and that the case was and remains properly certifiable as a collective action under 29 U.S.C. § 216(b). With regard to the remaining claims asserted in the *Tomlinson* and *Nable* lawsuits, Plaintiffs contend that Defendants violated the FLSA and/or California wage and hour laws, and that said claims are appropriate for class certification under Rule 23 as the requisites for class certification can be and are satisfied.

16.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge any and all disputes and claims arising from or related to the *Tomlinson* and *Nable* lawsuits that exist between them. In order to achieve a full and complete release of Defendants, each member of the Settlement Classes acknowledges that this Stipulation of Settlement is intended to include in its effect all claims arising from or related to the *Tomlinson* and *Nable* lawsuits, including but not limited to any and all claims that occurred on or before December 31, 2004, and that arise under the FLSA, the California Labor Code, any IWC Wage Order, the UCL, and any other state or federal statute that relates in any way to the payment of wages or the provision of meal or rest periods for employees. The Settlement Classes, and each Class Member thereof, and the Class Representatives each waive all rights and benefits afforded by § 1542 of the Cal. Civil Code, and do so understanding the significance of that waiver. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

17.    It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from or related to the *Tomlinson* and *Nable* lawsuits against Defendants, which release

Exhibit __1__ P __16__

1  includes in its effect all present and former parent companies, subsidiaries,

2  shareholders, officers, directors, employees, agents, servants, registered

3  representatives, attorneys, insurers, affiliates, predecessors and successors and

4  assigns of Defendants.

5    18.    In addition to propounding detailed written discovery and taking

6  numerous depositions of Defendants' management personnel, Class Counsel has

7  conducted a thorough investigation into the facts of the *Tomlinson* and *Nable* actions,

8  including an extensive review of relevant documents and an analysis of Defendants'

9  own investigations, and has diligently pursued an independent investigation of the

10  Class Members' claims against Defendants.  Based on this investigation and

11  evaluation, Class Counsel is of the opinion that the settlement with Defendants for

12  the consideration and on the terms set forth in this Stipulation of Settlement is fair,

13  reasonable, adequate, and in the best interest of the members of the Settlement

14  Classes in light of all known facts and circumstances, including the risk of significant

15  delay, defenses asserted by Defendants, and numerous potential appellate issues.

16  Based on their own investigation, discovery, and evaluation, Defendants and

17  Defendants' counsel also agree that the settlement is fair, reasonable, adequate, and

18  in the best interests of Defendants and the members of the Settlement Classes.

19    19.    The Parties agree to cooperate and take all steps necessary and

20  appropriate to dismiss the *Tomlinson* and *Nable* actions with prejudice.  In

21  accordance with the schedule set forth below, the Parties have agreed to stipulate to

22  the filing of an amended complaint in the *Tomlinson* case, which amended complaint

23  will add Michael Lucas and Mark Lagergren as named Plaintiffs and Class

24  Representatives and, in addition, assert against Defendants any and all substantive

25  claims (preserving any statute of limitations positions of the parties which shall be

26  viewed as unaffected by the filing of the Amended Complaint), including necessary

27  factual allegations, currently asserted against Defendants in the *Nable* action.  Upon

28  the Court-approved filing of the amended complaint in the *Tomlinson* case, the

Exhibit __1__ P __17__

1  Parties will submit to the Court in the *Nable* action a stipulation for and proposed

2  order dismissing the *Nable* action with prejudice upon final approval of this

3  Stipulation of Settlement by the Court in the amended *Tomlinson* case.

4  ## TERMS OF SETTLEMENT

5      20.   NOW, THEREFORE, in consideration of the mutual covenants,

6  promises, and warranties set forth herein, it is agreed by and among the Plaintiffs and

7  the Defendants that the *Tomlinson* and *Nable* actions and any claims, damages, or

8  causes of action arising out of or relating to the disputes that are the subject of said

9  actions, be settled and compromised as between the Settlement Classes and the

10  Defendants, for the total aggregate settlement amount of $5,500,000 subject to the

11  terms and conditions set forth in this Stipulation of Settlement and the approval of the

12  United States District Court for the Central District of California.  This Stipulation of

13  Settlement contemplates three overall settlement components:  Opt-in Settlement

14  Class component; Non Opt-in Settlement Class component; and Attorneys' Fees and

15  Litigation Costs component.

16  ## OPT-IN SETTLEMENT CLASS

17      21.   Opt-in Settlement Class Settlement Date: The Opt-in Settlement Class

18  settlement embodied in this Stipulation of Settlement shall become finally effective

19  upon (1) the execution of this Stipulation of Settlement by all Parties hereto,

20  including Counsel for the Class and Defendants; (2) a formal fairness hearing and

21  entry of a final order by the Court certifying the Opt-in Settlement Class, approving

22  this Stipulation of Settlement as to the Opt-in Settlement Class, and dismissing the

23  Opt-in Settlement Class member's claims in the amended *Tomlinson* action with

24  prejudice in accordance with the terms set forth herein; and (3) a formal fairness

25  hearing and entry of a final order by the Court certifying the Non Opt-in Settlement

26  Class, approving this Stipulation of Settlement as to the Non Opt-in Settlement Class,

27  and dismissing the Non Opt-in Settlement Class member's claims in the amended

28  *Tomlinson* action with prejudice in accordance with the terms set forth herein.

Exhibit __1__ P __18__

11

22.  Notice to Opt-In Settlement Class:  The Claims Administrator shall send to all Opt-In Settlement Class members the Notice of Pendency of Class Action, Opt-in Plaintiff Class Settlement, and Opportunity to Object to Settlement Hearing Date for Court Approval in the form attached hereto as Exhibit "E" within seven (7) calendar days of the entry of the Order Granting Preliminary Approval of the Settlement.

23.  Opt-in Settlement Class Settlement Payments:  Out of the aggregate Settlement Fund of $5,500,000, in consideration for the settlement and release of all claims of the Opt-in Settlement Class, Defendants will pay to the Opt-in Settlement Class a total fund of $3,030,750 (hereinafter the "Opt-in Settlement Class Fund"). Plaintiffs and Class Counsel have full and final authority to determine the distribution of said funds to the members of the Opt-in Settlement Class, including enhancement awards to the Class Representatives and certain Class Members, but will apply to the Court for a determination of good faith as to such distributions.  Class Counsel will provide Defendants' counsel with their specific distribution allocations prior to presentation to the Court.  Although Defendants and Defendants' counsel will have no input in Plaintiffs and Class Counsel's allocation formula, they will support and take no position against said allocation and distributions to members of the Opt-in Settlement Class.  The members of the Opt-in Settlement Class will not have to file claims with the Claims Administrator in order to receive their allocated share of the Opt-in Settlement Class Fund.

A.  One-quarter (25%) of all settlement payments made from the Opt-In Settlement Class Fund will be for alleged unpaid wages and shall be subject to the withholding of all applicable local, state, and federal taxes.  Defendants will pay their portion of applicable payroll taxes and/or contributions, and those amounts will not be deducted from the payments made to the Class Members.  The remaining three-quarters (75%) of the settlement payments made

Exhibit __1__ p __19__

from the Opt-In Settlement Class Fund will be for enhancements paid to Class Representatives and Certain Class Members, alleged liquidated damages, penalties, and interest on the alleged unpaid wages, and are not subject to the same withholding.  All Opt-in Class Members will receive an IRS Form W-2 for the portion of the settlement payment for alleged unpaid wages, and an IRS Form 1099 for the portion of the settlement payment for alleged liquidated damages, penalties, and interest on alleged unpaid wages and/or enhancements paid to them.  All Opt-in Settlement Class Members are responsible for correctly characterizing their settlement payments for tax purposes and for paying any taxes due on amounts reported on a Form 1099, and hereby agree to indemnify Defendants for any liability or costs assessed against Defendants in connection with the taxpayer's characterization or payments based on this compensation.  Defendants or the Claims Administrator shall issue the settlement payment checks and IRS Forms W-2 and 1099 to Opt-in Settlement Class Members.

B.    The Claims Administrator will be Rust Consulting, Inc.  The total costs of administering both the Opt-in and Non Opt-in Settlements are allocated at $30,000 and shall be paid from the aggregate Settlement Fund.  The Claims Administrator shall mail the foregoing settlement payments within five (5) business days following entry of a final order by the Court certifying the Opt-in and Non Opt-in Settlement Classes, approving this Stipulation of Settlement as to the Opt-in and Non Opt-in Settlement Classes, and dismissing the Opt-in and Non Opt-in Settlement Class members' claims in the amended *Tomlinson* action with prejudice in accordance with the terms set forth herein.  Defendants or the

Exhibit 1 p 20

Claims Administrator shall issue the W-2s and Form 1099s within the time periods prescribed by law.

C.   The back of each check issued to members of the Opt-in Settlement Class will state, "My signature hereon constitutes a full and complete release of Indymac Bank, F.S.B., IndyMac Resources, Inc., and their predecessors, successors, affiliates, alter egos, and assigns by me for all claims alleged in or arising out of the *Tomlinson, et al, v. Indymac Bank, F.S.B., et al.* Complaint and/or the *Nable, et al. v. IndyMac Bark, F.S.B., et, al.* Complaint, including all claims for unpaid wages, unpaid overtime, interest, liquidated damages, and other wages or overtime claims or penalties under federal and California state law for employment, up to and including December 31, 2004."

## NON OPT-IN SETTLEMENT CLASS

24.   The Non Opt-in Settlement Class settlement provides for a claims process requiring Defendants to make payments of a specified sum on each timely and valid claim presented by members of the Non Opt-in Settlement Class. Unlike the Opt-in Settlement Class settlement, this settlement does not establish a fixed fund for disbursement. As an allocation from the aggregate Settlement Fund of $5,500,000, it establishes a fund of a maximum amount of $1,010,250 for payments under the settlement assuming all members of the Non Opt-in Class file claims (hereinafter the "Non Opt-in Settlement Class Fund"). Out of the total Non Opt-in Settlement Class Fund of $1,010,250, 90% will be allocated to California Non Opt-ins and 10% to Kansas City Non Opt-ins based upon the determination that the aggregate potential value of Kansas City Non Opt-in claims is worth slightly less than 10% of the aggregate of all Non Opt-in claims. The schedule of Non Opt-in payments in Exhibit "F" reflects this allocation. The amount of the Non Opt-in Settlement Class Fund will be a cap on the total amount of payments to members of

Exhibit \_\_1\_\_ P 21

14

1  the Non Opt-in Settlement Class who timely submit approved claims.  In the event

2  that the Non Opt-in Settlement Class Fund is insufficient to pay all members of the

3  Non Opt-in Settlement Class at the rates set forth, the pertinent rates shall be

4  proportionately reduced.

5      25.    Non Opt-in Settlement Class Settlement Date:  The Non Opt-in

6  Settlement Class settlement embodied in this Stipulation of Settlement shall become

7  finally effective upon (1) the execution of this Stipulation of Settlement by all Parties

8  hereto, including Counsel for the Class and Defendants; (2) following notice to the

9  putative members of the Non Opt-in Settlement Class, a formal fairness hearing, and

10 entry of a final order by the Court certifying the Non Opt-in Settlement Class,

11 approving this Stipulation of Settlement as to the Non Opt-in Settlement Class, and

12 dismissing the Non Opt-in Settlement Class members' claims in the amended

13 *Tomlinson* action and the *Nable* action with prejudice in accordance with the terms

14 set forth herein; and (3) a formal fairness hearing and entry of a final order by the

15 Court certifying the Opt-in Settlement Class, approving this Stipulation of Settlement

16 as to the Opt-in Settlement Class, and dismissing the Opt-in Settlement Class

17 member's claims in the amended *Tomlinson* action and the *Nable* action with

18 prejudice in accordance with the terms set forth herein.

19     26.    Non Opt-in Settlement Class Settlement Payments:  In consideration for

20 the settlement and release of all claims of the Non Opt-in Settlement Class,

21 Defendants will pay to each member of the Non Opt-in Settlement Class who

22 submits a valid and timely Claim Form a specific amount as is set forth in Exhibit

23 "F" which is in full settlement of all related claims arising out of the time the member

24 was employed as a Loan Consultant during the liability period up to and including

25 December 31, 2004.

26 ///

27 ///

28

Exhibit __1__ P __22__

A.  The Claims Administrator for this settlement will be Rust Consulting, Inc.  The costs associated with the administration of both the Opt-in and Non Opt-in Settlement are allocated at $30,000.00 and shall be paid from the aggregate Settlement Fund.

B.  One-quarter (25%) of all settlement payments made from the Non-Opt-In Settlement Class Fund will be for alleged unpaid wages and shall be subject to the withholding of all applicable local, state, and federal taxes.  Defendants will pay their portion of payroll taxes and/or contributions, and those amounts will not be deducted from the payments made to the Class Members.  The remaining three-quarters (75%) of the settlement payments will be for alleged damages, penalties, and interest on the alleged unpaid wages and are not subject to the same withholding.  The Non Opt-in Class Members will receive an IRS Form W-2 for the portion of the settlement payment for alleged unpaid wages, and an IRS Form 1099 for the portion of the settlement payment for alleged damages, penalties, and interest on alleged unpaid wages.  All Non Opt-in Class Members will be responsible for correctly characterizing their settlement payments for tax purposes and for paying any taxes due on amounts reported on a Form 1099, and shall agree to indemnify Defendants for any liability or costs assessed against Defendants in connection with the taxpayer's characterization or payments based on this compensation. Defendants or the Claims Administrator shall issue the settlement payment checks and IRS Forms W-2 and 1099 to the Class Members.

///

Exhibit 1  P 23

C.  The Claims Administrator shall mail the foregoing settlement payments within five (5) business days following the final approval of the Opt-in and Non Opt-in Settlement Class settlements or, if there is any objection to any settlement, within five (5) business days after expiration of the time to file appeals or the resolution of any appeals filed.  If there is an objection to the settlement that is later withdrawn, Defendants or the Claims Administrator shall mail the settlement payments within five (5) business days of receipt of notice that such objection has been withdrawn.  Defendants or the Claims Administrator shall issue the W-2s and Form 1099s within the time periods prescribed by law.

D.  The Claim Form and back of each check issued to members of the Non Opt-in Settlement Class will state, "My signature hereon constitutes a full and complete release of Indymac Bank, F.S.B., IndyMac Resources, Inc., and their predecessors, successors, affiliates, alter egos, and assigns by me for all claims alleged in or arising out of the *Tomlinson, et al. v. Indymac Bank, F.S.B. et al.* Complaint and/or the *Nable, et al. v, IndyMac Bank, F.S.B. et al.* Complaint, including all claims for unpaid wages, unpaid overtime, interest, liquidated damages, and other wages or overtime claims or penalties under federal and California state law for employment up to and including December 31, 2004."

E.  For each member of the Non Opt-in Settlement Class, there will be pre-printed information on the Claim Form based on Defendants' payroll and business records as to the number of weeks the employee worked as a Loan Consultant and the total amount of the employee's earnings as a Loan Consultant.  This

Exhibit __1__ P__24__

pre-printed information will be presumed to be correct. A member of the Non Opt-in Settlement Class may challenge the pre-printed information on the Claim Form as to the dates worked or amounts earned as a Loan Consultant only if he or she presents written information or documents showing different dates or amounts. If there is a dispute, the dispute shall be resolved pursuant to the procedures set forth in Paragraph "G" below.

F.   Qualified Claimants will only include those members of the Non Opt-in Settlement Class who submit a Claim Form approved by the Court, and signed under penalty of perjury. Claimants shall be permitted no more than sixty (60) days to exercise their right to opt out of the Rule 23 class and no more than ninety (90) days to submit valid Claim Forms.

G.   Resolution of disputes relating to the number of weeks a Non Opt-in Settlement Class Member worked or total amount earned as a Loan Consultant: If a claimant member of the Non Opt-in Settlement Class disputes the accuracy of Defendants' records, the Claims Administrator will have full and final authority to resolve the dispute using the database of business records provided by Defendants.

H.   The Parties have agreed to the appointment of Rust Consulting, Inc., to perform the duties of a Claims Administrator for the purpose of independently reviewing the Claim Forms and documentation associated with the number of weeks of employment and total earnings of the members of the Non Opt-in Settlement Class and for the purpose of verifying any amounts due to qualified Claimants as set forth in this Stipulation of Settlement. The Claims Administrator shall report the substance

Exhibit 1 p 25

of its findings in summary or narrative form. The Claims Administrator shall be granted reasonable access to Defendants' records in order to perform its duties. All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement until all payments and obligations contemplated by this Stipulation have been satisfied.

## ATTORNEYS' FEES AND LITIGATION COSTS

27.     Subject to final approval by the Court, Defendants agree to pay Class Counsel the amount of $ 1,375,000 in attorneys' fees and litigation costs. This amount is intended to compensate and reimburse Class Counsel for the work performed and expenses incurred to date in the *Tomlinson* and *Nable* cases and all work to be performed and expenses to be incurred in connection with documenting and presenting the settlements set forth herein, securing Court approval of the settlements, administering the settlements, making sure that the settlements are fairly administered and implemented, and obtaining dismissal of the subject actions. This total payment of fees and costs represents less than the 25% benchmark for common fund fees used in federal court class action proceedings. The parties negotiated and resolved the foregoing issues of payment and allocation of Class Counsel's attorneys' fees and costs only after completing the negotiations and resolving the issues of payment to members of the Settlement Classes, and the Parties' agreement herein regarding attorneys' fees and costs is separate and apart from Defendants' obligation to pay the other settlement amounts set forth in this Stipulation of Settlement.

28.     Plaintiffs are represented in this action by Mower, Carreon & Desai. In the event that attorneys other than Mower, Carreon & Desai apply to the Court for an award of fees and costs in this action and receive any such award from the Court, Mower, Carreon & Desai shall reduce any amount of fees and costs sought so that the

Exhibit __1__ P __26__

1  total amount of such fees and costs actually awarded by the Court, including any

2  amount sought by and awarded to other counsel, does not exceed $1,375,000.

3       29.    Subject to final approval by the Court, Defendants agree to pay class

4  participation enhancements to designated Plaintiffs in the total amount of $54,000 for

5  said Plaintiff's efforts in assisting the prosecution of the case.  The specific amounts

6  of the enhancements are set forth in Exhibit "H" attached hereto.  These payments

7  will be made from the aggregate Settlement Fund through the Claims Administrator

8  as separate checks to each designated Plaintiff.

9       30.    The attorneys' fees and litigation costs specified herein shall be paid

10  within five (5) business days of issuance of the Final Order by the Court certifying

11  the Opt-in and Non Opt-in Settlement Classes, approving this Stipulation of

12  Settlement, and dismissing the Opt-in and Non Opt-in Settlement Class members'

13  claims in the amended *Tomlinson* action and the *Nable* action with prejudice.

14      **NOTICE TO THE NON OPT-IN SETTLEMENT CLASS MEMBERS**

15       31.    Notice of Pendency of Class Action, Non Opt-in Plaintiff Class

16  Settlement, and Opportunity to Object to or be Excluded from Settlement in the form

17  attached hereto as Exhibit "G" and approved by the Court shall be sent by the Claims

18  Administrator to the Non Opt-in Settlement Class Members, by first class mail,

19  within seven (7) calendar days of the entering of the order granting preliminary

20  approval of the settlement and notice.  Attached to the Notice of Pendency of Class

21  Action and Proposed Settlement will be a Claim Form and Request for Exclusion

22  Form in the forms attached hereto as Exhibits "F1" and "F2."  Any returned

23  envelopes from this mailing with forwarding addresses will be utilized by the Claims

24  Administrator to locate Non Opt-in Settlement Class Members.

25          A.    If Defendants have not done so already, Defendants shall provide

26              by April 29, 2005, to the Claims Administrator a database listing

27              for each Non Opt-in Settlement Class Member the Class

28              Member's name, last known address, last known telephone

Exhibit ___1___ P 27

number, number of weeks worked as a Loan Consultant, total W-2 compensation earned; and social security number. This database shall be based on Defendants' payroll and other business records and in a format acceptable to the Claims Administrator. Defendants agree to consult with the Claims Administrator prior to the production date to ensure that the format will be acceptable to the Claims Administrator.

B.   The Claims Administrator shall perform an address updating check prior to mailing and will use appropriate skip tracing to ensure that the Notice and Claim Form is sent to all Non Opt-in Settlement Class Members.

C.   Class Counsel shall provide the Court, at least five (5) days prior to the final fairness hearing on the Non Opt-in Class Settlement, a declaration by the Class Administrator of due diligence and proof of mailing with regard to the mailing of the Notice and Claim Form.

## NON OPT-IN SETTLEMENT CLASS-CLAIM PROCESS

32.   Upon approval by the Court of the Claim Form attached hereto as Exhibit "F1" and the Request for Exclusion Form attached hereto as Exhibit "F2," the forms shall be mailed to all members of the Non Opt-in Settlement Class along with the Notice of Pendency of Class Action and Proposed 'Settlement described above.

33.   Each Claim Form will contain pre-printed information from Defendants' business records as to the number of weeks that the employee worked as a Loan Consultant and total W-2 earnings as a Loan Consultant during the Liability Period. The employee may challenge those dates as provided in paragraph 26 (G), above.

34.   Claimants shall be permitted no more than sixty (60) days to exercise their right to object to the Settlement or to opt out of the Rule 23 class and no more

Exhibit __1__ P $28$

1  than ninety (90) days to submit Claim Forms.  No Claim Form need be honored if

2  postmarked late.  However, additional time may be provided to a Claimant for "good

3  cause," as determined by the Claims Administrator in its sole discretion.  In the event

4  a Claim Form is submitted timely but is deficient in one or more aspects, the Claims

5  Administrator shall return the Claim Form to the claimant with a letter explaining the

6  deficiency and that the claimant shall have fourteen (14) calendar days from the date

7  of the deficiency notice to correct the deficiency and resubmit the Claim Form.  The

8  envelope containing the resubmitted Claim Form must be postmarked within fourteen

9  (14) days of the date on the deficiency notice to be considered timely.  No claimant

10  will be provided a second notice regarding the same deficiency.  Failure to execute a

11  claim form under penalty of perjury or timely submit a claim form shall invalidate a

12  claim and will not be considered deficiencies subject to cure.

13      35.    All original Claim Forms shall be sent directly to the Claims

14  Administrator at the address indicated on the Claim Form.  The Claims Administrator

15  shall review the Clam Forms and make any calculations of payments to be distributed

16  as described above by reviewing the Claim Forms and documentation associated with

17  the length of employment of the members of the Non Opt-in Settlement Class.  The

18  Claims Administrator will certify jointly to Class Counsel and Defendants' counsel

19  what claims were timely filed.  Upon completion of its calculation of payments, the

20  Claims Administrator shall provide Class Counsel and Defendants' counsel with a

21  report listing the amount of the payments to be made to each Claimant.  Proof of

22  payment will be filed with the Court and provided to Class Counsel.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Exhibit 1 p 29

22

## ANTICIPATED SCHEDULE OF EVENTS

36.    It is anticipated by and between the Parties that the following schedule of events will occur in the consummation of the Settlements set forth herein:

| Date | Event |
|---|---|
| April 6, 2005 | Filing of Stipulation and Amended *Tomlinson* Complaint. |
| April 11, 2005 | Filing of Motion for Preliminary Approval of Settlement. |
| April 29, 2005 | Defendants to provide Claims Administrator with claimant database. |
| May 2, 2005 | Hearing on Motion for Preliminary Approval of Settlement. |
| May 9, 2005 | Completion of initial mailing of Notice to all Settlement Class Members by Claims Administrator. |
| July 8, 2005 | Postmark deadline for return of any objections or opt outs. |
| July 15, 2005 | Filing of Motion for Final Approval of Settlement. |
| August 8, 2005 | Hearing on Motion for Final Approval. |
| August 8, 2005 | Dismissal of *Nable* state court action (assumes Final Approval of Settlement). |
| August 8, 2005 | Postmark deadline for return of Non Opt-In Claim Forms. |
| August 15, 2005 | Payment to Opt-In Settlement Class Members and payment of Class Counsel fees and costs; payment of enhancements; payment to Non Opt-Ins who have filed claims. |

## RELEASE BY THE SETTLEMENT CLASSES

37.    Upon the final approval by the Court of this Stipulation for Settlement and the performance of all duties and obligations set forth herein, and except as to

Exhibit __1__ P. 30

1  such rights or claims as may be created by this Stipulation of Settlement, the
2  Settlement Classes, and each member of said Classes, except for those who have
3  timely opted-out, fully release(s) any and all claims of whatever kind or nature,
4  known or unknown, contingent or accrued, against Defendants, their parents or
5  subsidiary corporations, and all employees and agents thereof, that are based upon
6  acts or events that occurred on or before December 31, 2004, and that are based, in
7  whole or in part, upon an alleged violation of any provision of the Fair Labor
8  Standards Act, the California Labor Code, any IWC Wage Order, and/or any other
9  state or federal law that relates in any way to the payment of wages, compensation or
10  penalties for missed meal or rest periods, and/or waiting time penalties for failure to
11  pay wages due at termination of employment.

12      38.    As noted above, the Claim Form and/or the back of each check issued to
13  members of the Settlement Classes will state, "My signature hereon constitutes a full
14  and complete release of Indymac Bank, F.S.B., IndyMac Resources, Inc., and their
15  predecessors, successors, affiliates, alter egos, and assigns by me for all claims
16  alleged in or arising out of the *Tomlinson, et al. v. IndyMac Bank, F.S.B. et al.*
17  Complaint and/or the *Nable, et al. v. IndyMac Bank, F.S.B., et al.*, Complaint,
18  including all claims for unpaid wages, unpaid overtime, interest, and other wages or
19  overtime claims or penalties under federal and California state law for employment,
20  up to and including December 31, 2004."

## DUTIES OF THE PARTIES PRIOR TO AND AFTER COURT APPROVAL

23      39.    Upon execution of this Stipulation of Settlement, and in accordance with
24  the preceding Schedule of Events, the Parties shall promptly submit this Stipulation
25  of Settlement to the United States District Court for the Central District of California
26  together with the proposed Amended *Tomlinson* Complaint and the Parties'
27  Stipulation for and Proposed Order granting leave to file the Amended *Tomlinson*
28  Complaint. After the Court-approved filing of the Amended *Tomlinson* Complaint,

Exhibit __1__ p.31

the Parties will as promptly as possible submit to the Court the following:

A.   Plaintiffs' Motion for Approval of the Class Member Settlement, scheduling as soon as practicable a fairness hearing on the question of whether the proposed Class Member Settlement, including the Class Representative and certain Class Member enhancement payments, as well as the attorneys' fees and costs attributable to the representation provided to the Class, should be approved as fair, reasonable, and adequate as to the members of the Settlement Class.  At the same time, the Parties shall apply to the Court for the entry of a final order substantially in the following form:

(1)   Certifying the Opt-in Settlement Class under Rule 23 for all claims other than those arising under the FLSA and certifying the Non Opt-In Class for all claims as referenced in the Settlement;

(2)   Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(3)   Approving the enhancement payments to the Class Representatives and certain Class Members;

(4)   Approving Class Counsel's application for an award of attorneys' fees and litigation costs;

(5)   Approving as to form and content the proposed Notice of Pendency of Class Action and Proposed Settlement;

(6)   Approving as to form and content the proposed Claim Form;

(7)   Approving as to form and content the proposed Request for Exclusion Form;

Exhibit 1 P 32

(8)  Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Claim Form, and Request for Exclusion Form by first class mail to the members of the Non Opt-in Settlement Class;

(9)  Preliminarily approving the costs of administration by the Claims Administrator, not to exceed $30,000; and

(10)  Scheduling a Final Fairness Hearing and on final approval of the Settlement, dismissing the action on the merits and with prejudice as to the members of the Settlement Class and permanently barring all such members from prosecuting against Defendants or their present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors, representatives, predecessors, successors, or assigns, any individual or class claims that were or could have been asserted in the action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Amended *Tomlinson* Complaint, up through December 31, 2004, upon satisfaction of all payments and obligations hereunder.

B.  Following final approval by the Court of the Non Opt-in Class Member Settlement set forth in this Stipulation of Settlement, Class Counsel will submit to the Court a proposed final order substantially in the following form:

(1)  Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

Exhibit  1  P 33

(2) Approving Class Counsel's application for an award of attorneys' fees and litigation costs;

(3) Approving the costs of administration by the Claims Administrator; and

(4) Dismissing the action on the merits and with prejudice and permanently barring all such members from prosecuting against Defendants or their present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors, representatives, predecessors, successors, or assigns, any individual or class claims that were or could have been asserted in the action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Amended *Tomlinson* Complaint,, up through December 31, 2004, upon satisfaction of all payments and obligations hereunder.

## VOIDING THE AGREEMENT

40.    If any of the material conditions set forth in the preceding paragraphs are not met and satisfied, this Stipulation of Settlement shall, at the option of either the Plaintiffs or Defendants, be ineffective, void, and of no further force and effect and shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum. A failure of any material condition precedent to this Stipulation of Settlement or any decision by the Court to disapprove any material condition of the settlement with respect to the Parties shall render the entire stipulation voidable and unenforceable as to all Parties herein at the option of either Party. Each Party may exercise its option to void this settlement as provided above by giving notice, in writing, to the other and to the Court at any time prior to final approval of the settlement by the Court.

Exhibit __1__ P 34

41.     Notwithstanding any other provision of this Stipulation of Settlement, Defendants shall retain the right, in the exercise of their sole discretion, to void this Stipulation of Settlement if Non Opt-in Class members representing more than an aggregate total of five percent (5%) of the amount in the Non Opt-in Settlement Class Fund opt out of the Non Opt-in Settlement Class.

### PARTIES' AUTHORITY

42.     The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

### MUTUAL FULL COOPERATION

43.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the teens of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein,. As soon as practicable after the execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

44.     Defendants agree that they will not attempt in any way to discourage or interfere with the filing of claims pursuant hereto by any Class Members.

### NO PRIOR ASSIGNMENTS

45.     The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as stated herein.

Exhibit __1__ P __35__

## NO ADMISSION

46.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.  Each of the Parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation and the attendant inconvenience, uncertainty, and expense.

## ENFORCEMENT ACTIONS

47.    In the event that one or more of the Parties to this Stipulation of Settlement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any such enforcement action.

## NOTICES

48.    Unless otherwise specifically provided for herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

**To the Settlement Classes:**
Jon R. Mower, Esq.
Aashish Y. Desai, Esq.
James A. Burton Esq.
MOWER, CARREON & DESAI, LLP
8001 Irvine Center Drive, Suite 1450
Irvine, CA 92618

**To the Defendants:**
Deborah C. Saxe, Esq.
Matthew M. Yu, Esq.
HELLER EHRMAN LLP
601 S. Figueroa Street, 40 Floor
Los Angeles, CA 90017-5758

Exhibit ____ P 36

## CONSTRUCTION

49.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms'-length negotiations between the Parties and that this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Stipulation for Settlement.

## CAPTIONS AND INTERPRETATIONS

50.    Paragraph titles or captions contained in herein are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Stipulation for Settlement or any provision hereof.  Each term of this Stipulation for Settlement is contractual and not merely a recital.

## MODIFICATION

51.    This Stipulation of Settlement Agreement may not be changed, altered, or modified except in a separate writing signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a separate writing signed by the parties hereto.

## INTEGRATION CLAUSE

52.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlements and transactions contemplated thereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

Exhibit ___1___ P 37

## BINDING ON ASSIGNS

53.     This Stipulation of Settlement shall be binding on and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS COUNSEL SIGNATORIES

54.     It is agreed that because the members of the Settlement Classes are so numerous, it is impossible or impracticable to have each member of the Settlement Classes execute this Stipulation of Settlement.  The Notice of Pendency of Class Action and Proposed Settlement, Exhibit "G" hereto, will advise all Non Opt-in Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation for Settlement were executed by each such Class Member.  In addition, and as noted above, the Claim Form and/or the back of each check issued to members of the Settlement Classes will state, "My signature hereon constitutes a full and complete release of Indymac Bank, F.S.B.. IndyMac Resources, Inc., and their predecessors, successors, affiliates, alter egos, and assigns by me for all claims alleged in or arising out of the <u>Tomlinson et al. v. IndyMac Bank F.S.B. et al</u>. Complaint and/or the <u>Nable et al. v. IndyMac Bank F.S.B., et al</u>. Complaint, including all claims for unpaid wages, unpaid overtime, interest, and other wages or overtime claims or penalties under federal and state law for employment in California, up to and including December 31, 2004."  Each Class Member's signature thereon or endorsement thereof shall also have the same force and effect as if this Stipulation for Settlement were executed by each such Class Member.

## GOVERNING LAW

55.     The Parties hereto agree that all questions regarding the construction, interpretation, and enforcement of this Stipulation of Settlement, including the rights and liabilities of the Parties created by or set forth in this Stipulation, of Settlement, shall be governed in all respects by the laws of the State of California.

Exhibit __1__ P __38__

## SEVERABILITY

56.   If any provision of this Stipulation for Settlement is determined by a court of competent jurisdiction to be unenforceable, said portion shall be deemed to be severed and deleted from the Stipulation of Settlement as a whole, and neither such provision nor its severance and deletion shall affect the validity of or the ability to enforce the remaining provisions of this Stipulation of Settlement.

## COUNTERPARTS

57.   This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute ore Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

## NO PUBLIC COMMENT

58.   The Parties and their counsel agree that neither the Parties nor their counsel will issue any press releases or have any communications with the press or other media concerning this litigation other than "no comment" and that no mention of this settlement will appear on the website of any party or of the attorneys for any party. Nothing in this paragraph (58) shall preclude Defendants, or either of them,

///
///
///
///
///
///
///
///
///
///

Exhibit __1__ P __39__

32

1 | from fully complying with any SEC and/or regulatory public filing or disclosure

2 | requirement.

3 |     IT IS SO AGREED:

4 | DATED: April 12, 2005          MOWER, CARREON & DESAI, LLP

5 |

6 |                                By _____

7 |                                Jon R. Mower, Esq.

8 |                                Aashish Y. Desai, Esq.
                                   James A. Burton, Esq.

9 |                                Attorneys for Representative Plaintiffs and
                                   Class Members

10 |

11 |                               By _____

12 | DATED: April __, 2005          Antron Tomlinson

13 |

14 | DATED: April __, 2005

15 |                               By _____

16 |                                Benjamin Nable

17 |

18 | DATED: April __, 2005

19 |                               By _____

                                   Michael Lucas

20 |

21 | DATED: April __, 2005

22 |                               By _____

23 |                                Mark Lagergren

24 |

25 |

26 |

27 |

28 |

Exhibit __1__ P __40__

33

1    DATED: April __, 2005            By _____
2                                        Antron Tomlinson
3
     DATED: April __, 2005
4
                                      By _____
5                                        Benjamin Nable
6
7    DATED: April __, 2005
8                                     By _____
9                                        Michael Lucas
10
     DATED: April __, 2005
11
                                      By _____
12                                       Mark Lagergren
13
14
15   DATED: April 15, 2005            HELLER EHRMAN LLP
16
17
18                                    By _____
                                         Deborah C. Saxe, Esq.
19                                       Matthew M. Yu, Esq.
                                         Attorneys for Defendants IndyMac Bank,
20                                       F.S.B. and IndyMac Resources, Inc.
21
22   DATED: April 15, 2005
23
24                                    By _____
                                         Defendant IndyMac Bank, F.S.B.
25
26                                    Title  Senior Executive Vice-President,
                                             CEO Mortgage Bank
27
28
                                             Exhibit __1__ P 41

                        33

1

2    DATED: April 15, 2005

3

4    By _____

5        Defendant IndyMac Resources, Inc.

6    Title    Senior Vice President and
              Chief Accounting Officer
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit ___1___ P 42

...INTIFFS AND DEFENDANTS

1 from fully complying with any SEC and/or regulatory public filing or disclosure

2 requirement.

3     IT IS SO AGREED:

4 DATED: April __, 2005       MOWER, CARREON & DESAI, LLP

5

6                       By _____

7                          Jon R. Mower, Esq.

8                          Aashish Y. Desai, Esq.
                         James A. Burton, Esq.

9                          Attorneys for Representative Plaintiffs and
                         Class Members

10

11

12 DATED: April 12, 2005      By _Antron Tomlinson_____
                         Antron Tomlinson

13

14 DATED: April __, 2005

15                          By _____

16                          Benjamin Nable

17

18 DATED: April __, 2005

19                          By _____
                         Michael Lucas

20

21 DATED: April __, 2005

22                          By _____
                         Mark Lagergren

23

24

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANTS

Exhibit __1__ P __43__

1   from fully complying with any SEC and/or regulatory public filing or disclosure

2   requirement.

3        IT IS SO AGREED:

4   DATED: April __, 2005              MOWER, CARREON & DESAI, LLP

5

6                                      By _____

7                                         Jon R. Mower, Esq.
                                          Aashish Y. Desai, Esq.
8                                         James A. Burton, Esq.
                                          Attorneys for Representative Plaintiffs and
9                                         Class Members

10

11

12  DATED: April __, 2005              By _____
                                          Antron Tomlinson
13

14  DATED: April 12, 2005

15                                     By _____

16                                        Benjamin Nable

17

18  DATED: April __, 2005

19                                     By _____
                                          Michael Lucas
20

21  DATED: April __, 2005

22                                     By _____
                                          Mark Lagergren
23

24

25

26

27

28

                                        33

Exhibit ___ P. 44

*474-9001*

1  from fully complying with any SEC and/or regulatory public filing or disclosure
2  requirement.

3       IT IS SO AGREED:

4  DATED: April __, 2005          MOWER, CARREON & DESAI, LLP
5

6                                 By _____
7                                    Jon R. Mower, Esq.
                                      Aashish Y. Desai, Esq.
8                                    James A. Burton, Esq.
9                                    Attorneys for Representative Plaintiffs and
                                      Class Members
10

11                                By _____
12 DATED: April __, 2005             Antron Tomlinson
13

14 DATED: April __, 2005
15                                By _____
16                                   Benjamin Nable

17
18 DATED: April 12, 2005
                                  By _____
19                                   Michael Lucas
20

21 DATED: April __, 2005
22                                By _____
                                      Mark Lagergren
23
24
25
26
27
28

Exhibit ___

from fully complying with any SEC and/or regulatory public filing or disclosure requirement.

       IT IS SO AGREED:

DATED:  April __, 2005          MOWER, CARREON & DESAI, LLP


                      By _____
                         Jon R. Mower, Esq.
                         Aashish Y. Desai, Esq.
                         James A. Burton, Esq.
                         Attorneys for Representative Plaintiffs and
                         Class Members


DATED:  April __, 2005       By _____
                         Antron Tomlinson


DATED:  April __, 2005

                      By _____
                         Benjamin Nable


DATED:  April __, 2005

                      By _____
                         Michael Lucas


DATED:  April 12, 2005

                    By _____
                         Mark Lagergren

Exhibit __1__ P 46